FILED

**NOT FOR PUBLICATION**

APR 15 2011

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

P. E. LUCAS, Derivatively on Behalf of
Bank of America Corporation, and its
shareholders,

No. 09-55857

D.C. No. 2:08-cv-06029-MRP-
MAN

Plaintiff - Appellant,

v.

MEMORANDUM[*]

KENNETH D. LEWIS; et al.,

Defendants - Appellees.

Appeal from the United States District Court
for the Central District of California
Mariana R. Pfaelzer, Senior District Judge, Presiding

Argued and Submitted December 7, 2010
Pasadena, California

Before: NOONAN, BERZON, and CALLAHAN, Circuit Judges.

The district court dismissed plaintiff P. E. Lucas's complaint for failure to

comply with Federal Rule of Civil Procedure 23.1 and applicable Delaware law,

holding that Lucas failed adequately to plead wrongful refusal of her demand by

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Defendant Bank of America's (the "Bank") Board of Directors (the "Board"). In so doing, the district court rejected Lucas's theory, asserted in opposition to the defendants' motion to dismiss, that the Board constructively refused Lucas's demand when it caused or permitted the Bank to join the individual defendants' motion to dismiss this case pursuant to Fed. R. Civ. P. 12(b)(6). The district court subsequently denied Lucas leave to amend her complaint to add allegations supporting such a theory of wrongful refusal. Lucas now appeals, contending the district court erred (1) in holding it would be futile to amend the complaint to add such allegations of wrongful refusal, and (2) in dismissing her case with prejudice. We affirm.

Rule 23.1 and applicable Delaware law require a shareholder bringing a derivative lawsuit to plead with particularity that the shareholder made a pre-suit demand on the corporation and that the corporation wrongly refused to act. *See* Rule 23.1(b)(A) and (B); *Grimes v. Donald*, 673 A.2d 1207, 1220 (Del. 1996). The district court determined that, given the complexity of Lucas's claims, Lucas did not give the Board enough time to investigate before filing her complaint and thus Lucas prematurely filed her complaint before the Board had responded to her demand letter.

2

Lucas does not challenge the district court's determination that the Board had not constructively refused her demand by failing to act on it within a reasonable amount of time.  Instead, Lucas argues that the Board constructively and wrongfully refused her demand by causing the Bank to file a Rule 12(b)(6) motion to dismiss, in addition to a Rule 23.1 motion.  We cannot agree.

The 12(b)(6) motion only contended that Lucas's complaint, as pleaded, did not state a claim upon which relief could be granted.  The motion did not take the position—nor could it have—that none of the allegations in the demand letter were true, nor did it take the position that none of the facts alleged in the demand letter could possibly give rise to a claim for relief.  As such, the Bank's decision to file a 12(b)(6) motion could not constitute a refusal of Lucas's demand within the meaning of Delaware's demand requirement.  *See Grimes*, 673 A.2d at 1216.

We also affirm the district court's decision to dismiss with prejudice. Because Lucas had not satisfied the demand requirements prior to filing suit, the district court's decision to dismiss with prejudice was appropriate.  *See Simmonds v. Credit Suisse Secs. (USA) LLC*, 2011 WL 135693 *11-*12 (9th Cir. Jan. 18, 2011).  Although the dismissal is "with prejudice," both parties agree, as do we, that Lucas is not precluded from later returning to court to allege wrongful refusal

3

on the basis of events that had not yet occurred at the time of the district court's order. *Cf. In re Sonus Networks, Inc.*, 499 F.3d 47, 61-63 (1st Cir. 2007).

For these reasons, we **AFFIRM** the district court.

4